## In re JONES.

(Supreme Court, Appellate Division, Fourth Department.    March 8, 1911.)

1. TRUSTS (§ 227*)—MANAGEMENT OF PROPERTY—LEGAL EXPENSES—RESISTING REMOVAL.

   Where a testamentary trustee, at the request of beneficiaries, continued the class of investments the testator had made, some of which were unfortunate, and successfully resisted an attempt at his removal, made by a beneficiary who, though not bound by her prior request because then a minor, had waited five years after majority before acting, the trustee being finally ordered only to give bond to protect the petitioner as he had offered in the beginning, his reasonable expenses for attorney's fees should be allowed as a credit on an accounting.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 324; Dec. Dig. § 227.*]

2. TRUSTS (§ 227*)—MANAGEMENT OF PROPERTY—EXPENSES—RESISTING REMOVAL.

   Nor was it material that the payment to the attorney was not made in the trustee's lifetime, but by his executrix, who filed his accounts as trustee.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 324; Dec. Dig. § 227.*]

3. TRUSTS (§ 219*)—ACCOUNTING BY TRUSTEE—CHARGES—INTEREST.

   Where a trustee in a will invested money in securities bearing less than 6 per cent., and had some money in savings banks when he died, his executrix should be charged on the securities she holds for the benefit of the trust estate only such interest as they had earned, and the same as to the moneys in savings banks, but, where she commingled it with her husband's estate, the rate of 6 per cent. should be imposed.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 314–317; Dec. Dig. § 219.*]

   McLennan, P. J., dissenting.

Appeal from Surrogate's Court, Monroe County.

In the matter of the settlement of the accounts of W. Martin Jones, deceased, as trustee under the will of Henry Powis, deceased. From a decree of the Surrogate's Court judicially settling the accounts of W. Martin Jones, deceased, trustee under the will, Gertrude M. Jones, executrix under the will of W. Martin Jones, deceased trustee, appeals.    Modified and affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

W. Martin Jones, Jr., for appellant.
Marlin S. Smallwood, for respondents Newcomb and others.
William C. Kohlmetz, for respondents Powis and infants.

SPRING, J.    Henry Powis died in 1884, leaving a will in which he named two of his daughters and W. Martin Jones as executors and trustees.    The will was admitted to probate.    The daughters renounced and letters testamentary were issued to Jones.    In 1886 a judicial settlement was had by him as executor, showing in his hands as trustee about $18,000, which he continued to manage and invest until his death in 1906.    The testator had been in the habit of loaning money in West-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ern states. There was a life tenant, Richard Powis, of a part of these funds, and he with the remaindermen, or the ultimate beneficiaries, desired the trustee to make investments in the West and signed a contract authorizing him to do so. These investments were made and some of them turned out unfortunately. Some of the beneficiaries who signed the contract were minors, and, of course, were not bound by it. One of these who had attained her majority, and about five years after that period commenced a proceeding in the Surrogate's Court in 1900 to remove Jones as trustee. He offered, as it is claimed, to give a bond indemnifying the petitioner in that proceeding, but the contest continued. He subsequently, under the direction of the surrogate, filed his account as trustee and a decree was entered settling the same. As a result of the proceeding, he was required to give a bond in the sum of $5,000 to protect the petitioner, which he did. The proceeding was long continued and quite hotly contested, and Mr. Salisbury, an attorney, acted with Mr. Jones upon the trial. I think Mr. Jones was justified in resisting the effort to remove him. He made no investment in foreign securities until he was requested in writing to do so by the life tenant and beneficiaries and upon their agreement to protect and indemnify him against loss thereby. The petitioner who had joined in the proceeding was a minor at that time, and, of course, was not legally bound by the agreement which she had executed. She waited for five years with full knowledge that these investments were being made before she attempted to repudiate the conduct of the trustee, and then applied for his removal. Assailed as he was in this proceeding to be ousted from a position to which he had been nominated by the testator, it was necessary for him to defend himself. As stated, he was willing to give a bond to protect the petitioner at the outset of the proceeding, but that was not satisfactory, and all that was accomplished after the termination of the long litigation was to require him to give this bond and he continued in the trusteeship.

The investments which he made in the Western states were criticised. The one in the Eldorado Light & Fuel Company of Kansas was properly held not to be within the scope of his authority. It is conceded, however, that they were made in good faith and in an honest attempt to carry out the wishes of the beneficiaries who desired the fund invested in mortgage security in the West. After this proceeding had terminated, Richard Powis, the life tenant, also commenced a proceeding to require the trustee to account or to remove him, and that proceeding was pending when Mr. Jones died in 1906. Mr. Salisbury appeared also in that proceeding. He was not paid for the first proceeding or in fact for the second during the lifetime of Mr. Jones. He charged $500 for his services in the first proceeding, and no question has been raised that they were not worth that sum. After Mr. Jones died, his widow, Mrs. Jones, who was the executrix of his will, was cited to file the accounts of the trustee, which she did. She paid Salisbury his charge of $500, and the payment was disallowed by the Surrogate's Court. It seems to me she should be allowed this sum which she paid. As stated, the proceeding was to remove Mr. Jones as trustee, and he did not unreasonably resist the

attack made upon him in filing an answer and presenting his proofs. He succeeded on the main proposition in that he was not removed. I realize that he was individually primarily liable to Mr. Salisbury. That is always so with an executor or trustee. That fact, however, does not absolve the estate from reimbursing him for the amount he has expended, provided only the disbursement is a proper one; and when necessary a lien may be maintained upon the estate. Matter of Smith, 111 App. Div. 23, 97 N. Y. Supp. 171. Nor does the fact that the payment was not made by Mr. Jones in his lifetime militate against its validity. Matter of Blair, 67 App. Div. 116, 120, 73 N. Y. Supp. 675. I think the decree should be modified by allowing to the appellant this expenditure.

The following is the surrogate's fifteenth finding:

"That the said trustee should be surcharged with interest on all accounts, securities, and assessments of the estate drawing interest, from April 9, 1906, the date of the death of the life tenant, Richard Powis, with annual rests."

I think the rate of interest charged is excessive. That is, as a result of this finding, and the decree conforms to it, she as the representative of her husband is chargeable with interest at the rate of 6 per cent., and computed as if an account was filed annually determining the amount in his custody as trustee. Now, it appears that some of this money is in savings banks, some of it is invested in securities not bearing 6 per cent. interest. Naturally, after her husband died, she, as executrix, would gather whatever property there was of the estate, convert it into money where feasible, and deposit it in savings banks where the rate of interest would not be more than 4 per cent. probably at the outside.

I think this part of the decree should be modified. The appellant should be charged on the securities which she holds for the benefit of the estate whatever interest they have earned, and the same rule should prevail as to the funds deposited in banks. As to the residue, if it has been commingled with the Jones estate, the rate of 6 per cent. should be imposed.

Decree modified accordingly. Order to be settled before Justice SPRING on two days' notice.

As modified, affirmed, without costs of this appeal to either party. All concur, except McLENNAN, P. J., who dissents, and votes for affirmance.